IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:08-CR-098-Y(27) |
| | § | (CIVIL NO.             ) |
| | § | |
| KIM LOUISE HERRMANN | § | |

ORDER DENYING MOTION UNDER RULE OF CIVIL PROCEDURE 60(b) and, ALTERNATIVELY, CONSTRUING MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) AS A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255, AND TRANSFERRING MOTION UNDER 28 U.S.C. § 2255 (With Special Instructions to the Clerk of Court)

    Kim Louise Herrmann filed in this criminal case a motion under Federal Rule of Civil Procedure 60(b), in which she purports to challenge her 2009 conviction and sentence. This Court lacks authority to grant relief under Rule 60(b) in this case because the Federal Rules of Civil Procedure do not apply to criminal cases.[1] The motion will be denied.

    Alternatively, as by the motion Herrmann seeks to challenge her conviction, the Court will construe the motion as a successive motion for relief under 28 U.S.C. § 2255. Herrmann did not file a direct appeal, but she did previously file a motion for relief under 28 U.S.C. § 2255. That motion was dismissed by order and judgment entered in civil case number 4:11-CV-700-Y earlier this year. In the motion for relief under Rrule 60(b)(6) Herrmann makes no mention of that dismissal, and she raises no challenge to this Court's resolution of the prior § 2255 motion. "Motions that

---

[1] *See United States v. Jaimes-Jurado,* 254 Fed. Appx. 341, 2007 WL 3352795, at *1 (5th Cir. 2007)(citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999)).

federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions.[2] In this motion, Herrmann challenges the Court's imposition of consecutive sentences, and asserts that her sentence was imposed in violation of *United States v. Booker,* 543 U.S. 220 (2005). (Motion at 1-2.) As such, the motion is construed as a motion under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[3] The Supreme Court observed that this new law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[4] Since the instant motion under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, this court is without jurisdiction to consider it unless leave to file the same is granted by the Fifth Circuit. In such circumstances, the United States Court of Appeals for the Fifth Circuit has authorized the transfer of such succes-

---

[2]*United States v. Rich,* 141 F.3d 550, 551 (5th Cir. 1998)(noting there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255"), *cert. den'd,* 526 U.S. 1011 (1999)(numerous citations omitted).

[3]*See* 28 U.S.C.A. § 2255(h)(West Supp.2010); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West Supp. 2010).

[4]*Felker v. Turpin,* 518 U.S. 651, 664 (1996).

sive motions under § 2255 to that court.[5] As a result, the Court concludes that in the interests of judicial economy, Kim Louise Herrmann's December 13, 2011, motion construed as seeking relief under 28 U.S.C. § 2255 will be transferred to the United States Court of Appeals for the Fifth Circuit.

Therefore, Kim Louise Herrmann's December 13, 2011, motion seeking relief under Federal Rule of Civil Procedure 60(b) is DENIED.

Alternatively, Herrmann's December 13, 2011, motion for relief under Federal Rule of Civil Procedure 60(b) is construed as a motion for relief under 28 U.S.C. § 2255. The clerk of Court is directed to so docket the motion and assign any civil number required for docketing purposes.

Herrmann's December 13, 2011, motion construed as seeking relief under 28 U.S.C. § 2255 is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

SIGNED December 16, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5]*See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *see also United States v. Stapleton*, Criminal No. 04-30004, 2008 WL 5169571, at *1 (W.D.La. 2008)

> (Because [§ 2255 movant] has not received [authorization from the court of appeals] or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion. However, because the plaintiff is *pro se*, and in the interests of judicial economy, it makes sense to transfer this matter to the Fifth Circuit instead of simply dismissing it for lack of jurisdiction.)